UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANNIE BORDEN, Individually and on Behalf of Those Similarly Situated, | |
| Plaintiffs, | Case No. 1:16-cv-519 |
| vs. | Judge Timothy S. Black |
| ANTONELLI COLLEGE, *et al.*, | |
| Defendants | |

_____

| | |
|---|---|
| TENESHA ADAMS, Individually and on Behalf of Those Similarly Situated, | |
| Plaintiffs, | Case No. 1:16-cv-520 |
| vs. | Judge Timothy S. Black |
| ANTONELLI COLLEGE, *et al.*, | |
| Defendants. | |

**ORDER DENYING PLAINTIFFS' MOTIONS TO CONSOLIDATE
(Case No. 1:16cv519, Doc. 21; Case No. 1:16cv520, Doc. 19)**

This civil action is before the Court on motions to consolidate of Plaintiff Borden (Case No. 1:16cv519, Doc. 21) and Plaintiff Adams (Case No. 1:16cv520, Doc. 19), and the parties' responsive memoranda (Case No. 1:16cv519: Docs. 22, 23; Case No. 1:16cv520: Docs. 21, 24).

**I.     BACKGROUND FACTS AND PROCEDURAL POSTURE**

Plaintiffs Annie Borden and Tenesha Adams move this Court for an order consolidating the above-captioned actions for all purposes. Plaintiffs argue that consolidation is appropriate because the two actions involve common questions of law

and fact, will promote judicial economy, and will avoid inconsistent adjudication, as well as unnecessary costs and delay.

The two cases before the Court allege class action claims. The lead plaintiff in each case is or was a student of the Practical Nursing Program ("PNP") at Antonelli College, who allegedly suffered harm as a result of the false and deceptive advertising by Antonelli. Each plaintiff seeks to represent a class of current and former students who enrolled in the PNP at Antonelli College between 2013 and the present. Both cases clearly involve common questions of law and fact.

## II.     STANDARD OF REVIEW

Plaintiffs have moved for consolidation pursuant to Federal Rule of Civil Procedure 42(a). Rule 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Rule 42(a) "affords the district court discretion concerning the purposes and scope of consolidation. *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992). "The underlying objective is to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Id.* (*quoting* 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971)). Consolidation is permitted as a matter of convenience and economy in administration, but it does not merge the suits into a single cause, change the rights of the parties, or make those who are parties in one suit parties in another. *Lewis v. ACB Bus. Services, Inc.*, 135 F.3d 389, 412 (6th Cir. 1998).

"It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request." *Safety Today, Inc. v. Roy*, Nos. 2:12-cv-510, 2:12-cv-929, 2013 U.S. Dist. LEXIS 43659, at *1 (S.D. Ohio Mar. 27, 2013). As long as there are some common questions of either law or fact, the court has the flexibility under Rule 42(a) to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources. *Id.* Rule 42(a) does not require that cases be consolidated for all purposes; rather, the rule also contemplates consolidation for purposes of particular segments of the litigation. *Magnavox Co. v. APF Electronics, Inc.*, 496 F.Supp. 29, 32 (N.D. Ill. 1980).

In deciding whether cases should be consolidated, this court must consider:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

### III.  ANALYSIS

Defendants do not oppose consolidating the cases for purposes of initial discovery as outlined in the Court's April 16, 2016 Notation Order in the *Adams* case. However, Defendants argue that because discovery in the *Adams* case has been limited to written discovery tied to the individual plaintiff until the December 15, 2016 status conference,

any order of consolidation would be premature at this time.[1] Furthermore, following individual discovery of the named plaintiffs in *Adams*, Defendants intend to file motions for summary judgment. Accordingly, Defendants believe that consolidation should be evaluated once the Court has ruled on the summary judgment motions. The Court agrees.

The Court has designated these two cases as "related" pursuant to S.D. Ohio Civ. R. 3.1(b). Accordingly, there is no risk of inconsistent adjudication. Moreover, while these cases clearly involve common questions of law and fact, given the current procedural posture, the Court finds that it will actually promote judicial economy to keep the cases separate at this stage. At this point in the litigation, counsel is not conducting class discovery. To the extent that the limited written discovery in *Adams* and *Borden* is duplicative, defense counsel has already agreed to "consolide" the cases for purposes of initial discovery. While the Court has yet to conduct the Preliminary Pretrial Conference in *Borden* (scheduled for October 28, 2016), given defense counsel's acquiescence in consolidating initial discovery, the Court anticipates that a calendar identical to *Adams* will be entered in *Borden*.

The Court will revisit the issue of consolidation after the December 15, 2016 status conference, upon request.

---

[1] The Court limited discovery until a ruling from the Ohio Board of Nursing is issued. The ruling may significantly impact these cases. The parties anticipate a ruling before the December 15, 2016 status conference.

4

## IV. CONCLUSION

Accordingly, for these reasons, Plaintiffs' motions to consolidate (Case No. 1:16cv519, Doc. 21; Case No. 1:16cv520; Doc. 19) are **DENIED** without prejudice.

**IT IS SO ORDERED**.

Date:  10/4/16  *s/ Timothy S. Black*
Timothy S. Black
United States District Judge